## PHILADELPHIA CO. v. PARK BROS. & CO.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 31, 1890—Decided November 10, 1890.

1. An order for the production of books and writings, alleged to be in the adverse party's possession or power and to contain evidence pertinent to the issue, will not be made under § 1, act of February 27, 1798, 3

Sm. L. 303, unless the petition therefor describe with reasonable certainty the books or writings desired.*

2. A manufacturing company, supplied by a natural-gas company with natural gas under a contract for use as a fuel only, but using gas from the company's mains for illuminating purposes also, is liable for the reasonable value of the gas so consumed at the usual market rate.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 143 October Term 1890, Sup. Ct.; court below, No. 61 June Term 1889, C. P. No. 1.

On March 9, 1889, a summons in assumpsit was served in an action brought by the Philadelphia Company against Park Brothers & Co., Limited.   Issue.

On February 13, 1890, the defendants presented their petition verified by affidavit, alleging that the plaintiff had in its possession or power certain books or writings which contained evidence pertinent to the issue joined, specifying such books or writings as follows:

" All books or writings showing the names of various persons, corporations, or firms in the city of Pittsburgh, who were supplied with natural gas from the mains of the company during the year 1888, or any part of said year, either for the purpose of fuel or light, or for both, and the prices paid by such persons, corporations, or firms for such gas to said plaintiffs.

" All contracts between plaintiff company and all persons, corporations, or firms in the city of Pittsburgh, for a supply of natural gas to such persons, corporations, or firms, from the mains of the plaintiff company, for fuel, or light, or both, during the year 1888, or any part of said year."

A rule to show cause why an order should not be made for the production of said books and writings on the trial of the cause having been granted, the plaintiff answered averring that the designation of the books and writings desired to be produced was not sufficiently specific, that the books of the plaintiff company were about one hundred in number and were constantly in use by its officers, and that it was ready and willing to produce on the trial any particular book or writing which

---

* See Logan v. Penna. R. Co., 132 Pa. 403.

Statement of Facts.

the court might deem relevant to the issue. After argument the rule was discharged.[1]

At the trial on March 11, 1890, the plaintiff put in evidence a written contract dated July 7, 1887, for the supply of natural gas, for use for fuel only in the defendants' steel works for one year from January 10, 1888, for the sum of $70,000, and introduced evidence tending to show the use by the defendants of 454,689,000 cubic feet of gas from the plaintiff's mains for illuminating purposes from January 10, 1888, to about November 30, 1888, claiming to recover for the gas thus used the price of 1.49 cents per thousand feet. The defendants set up as a defence that for the years 1886 and 1887 they had been supplied with gas by the plaintiff company under similar contracts for the use of it for fuel only, but had all along been permitted by the plaintiff to use gas for illuminating purposes; that it was upon the faith of the condition of things thus existing when the contract of July 7, 1887, was made, that said contract had been entered into by them, and that the defendants' works, during the latter part of the year 1887 and the whole of the year 1888, were not accessible by any gas line other than that of the plaintiff company. It was shown, however, that on January 3, 1888, the plaintiff notified the defendants that they would thereafter be charged with the gas used for illumination, and soon afterward a schedule of the prices to be charged was furnished to the defendants.

E. M. Bates, called for the defendants:

Counsel for defendants propose to show by the witness on the stand the quantity of gas used for fuel, and the quantity of gas used by defendants for illumination, with a view of obtaining a comparison between the prices charged on these bills in this case for gas used for light, with the prices charged for gas used as fuel in the same mill; and also for the purpose of showing the quantity of gas used for the purposes of illumination and the quantity as used for fuel; this to be followed by testimony showing that the charge made against the defendants in this case, for gas used as an illuminant, was largely in excess of the charge made for gas used as fuel, and that the gas used for fuel purposes was furnished to the defendants by the plaintiff at precisely the same proportionate cost, there being no extra services rendered by the plaintiff in or about the supply

Charge of Court below.

of gas used as an illuminant; to be further followed by testimony that the price charged for fuel, during the same period of time as these charges made for light, was a fair and reasonable price, and that the fair and reasonable price for gas used as an illuminant would be in the same proportion as the charge made during the same period of time for gas furnished for fuel.    Also, for the purpose of tending to contradict the testimony on the part of the plaintiff that they made the charges for gas used for illuminating purposes, or attempted to make such charges, at the same rate as for gas used for fuel.    And further, to show, in contradiction of the evidence referred to on the part of the plaintiff, that the charges so made for gas used for illuminating purposes was largely in excess of the charges made for fuel by them during the year 1888.

Objected to as incompetent and irrelevant, and especially so for the reason that the offer discloses that it is proposed to establish the market value of the gas during the year 1888 by comparison with a contract for fuel gas entered into in July, 1887; and, also, because the offer of evidence proposed does not support, nor tend to support, the purpose for which it is offered.

By the court: The part of the offer which proposes to show the quantity of gas that was used for illuminating purposes is admitted; the exceptions to the balance of the offer are sustained; exception.[5]

At the close of the testimony, the court, COLLIER, J., submitted to the jury to determine from the evidence the quantity of gas consumed for illuminating purposes by the defendants, and the market value thereof, under all the facts and circumstances, and answered the defendants' points as follows:

1. That the plaintiff company is a corporation for public use in the supplying of natural gas as a commodity to the public, and as such it was bound to furnish such gas as a commodity to the defendants, to the extent of its ability to supply the same, under reasonable rules and regulations, and at reasonable rates, and without unjust or unreasonable discrimination in such charges; and has no right to discriminate in the charges made for such commodity, when such discrimination is based exclusively upon or has reference to the use made or to be made of the gas by the defendants after delivery to them.

Charge of Court below.

Answer: Affirmed as a general proposition.

2. That the plaintiff cannot charge or recover from the defendants a greater price for the natural gas used by them as an illuminant, because so used, than the charge fixed by it for gas used by the defendants as fuel; provided that they find the price so fixed for gas used for fuel was a fair and reasonable price, and that the gas used as an illuminant was furnished through the same period of time as that for fuel, and came through the same mains, from the same source of supply, under the same pressure, and there was no additional labor or expense incurred by plaintiff in the supplying of the same.

Answer: Refused.[2]

3. That, if the plaintiff is entitled to recover at all, it is only entitled to recover a reasonable compensation for the gas used by the defendants exclusively as an illuminant; and such reasonable compensation is to be ascertained by the jury under all the facts and circumstances of the case.

Answer: Affirmed.

4. That prima facie the price charged by the plaintiff to the defendants for gas used by them for fuel, under its contract with defendants for the year 1888, was a reasonable price for the article so furnished during said time; and the jury may find that the price so ascertained for gas between plaintiff and defendants is a reasonable price for the same article used by defendants as an illuminant, if they find that the gas came from the same main, under the same pressure, through the same period of time, and that no additional cost or expense was incurred by plaintiff by reason of it being so used for lighting.

Answer: Refused.[3]

5. If the jury find that the price of natural gas was put up in the year 1888 by a combination or association among the companies supplying it, they are not bound by such price, but must find, from all the facts and circumstances of the case, what was the reasonable value of the gas.

Answer: Refused, because there is not sufficient evidence to sustain the point.[4]

6. If the jury find that, for and during the year 1888, the plaintiff had secured the practical monopoly of the business of supplying natural gas to the defendants' works and to other

consumers in the neighborhood, then they are not bound, in measuring the compensation to be given, by the price fixed by the plaintiff under such circumstances, but must find from all the facts and circumstances the reasonable value of the gas used by defendants as an illuminant, and such reasonable value so ascertained is the measure of compensation to which plaintiff is entitled.

Answer: Affirmed.

—The jury returned a verdict in favor of the plaintiff for $4,546.89. A rule for a new trial having been discharged, the defendants took this appeal, assigning for error:

1. The discharge of the rule to produce books and papers.[1]

2–4. The answers to the defendants' points.[2 to 4]

5. The refusal of the defendants' offer.[5]

*Mr. Johns McCleave* (with him *Mr. C. C. Dickey*), for the appellants.

Upon the subject of market value, counsel cited: Kountz v. Kirkpatrick, 72 Pa. 376.

*Mr. Geo. B. Gordon* (with him *Mr. John Dalzell* and *Mr. Wm. Scott*), for the appellee.

As to the rule to produce books and papers, counsel cited: Act of February 27, 1798, 3 Sm. L. 303; Rose v. King, 5 S. & R. 244; Thomas v. Hodgson, 4 Wh. 499; Wills v. Kane, 2 Gr. 54.

PER CURIAM:

A careful examination of this case fails to disclose any sufficient grounds for reversal.

Judgment affirmed.